William Smith, ISB #6134
Jennifer L. Shrum, ISB #8892
SMITH HORRAS, P.A.
5561 N. Glenwood St.
P.O. Box 140857
Boise, ID 83714

Telephone: (208) 697-5555
Facsimile: (800) 881-6219
Email: Bill@smithhorras.com

Attorneys for Plaintiff, Alyson N. Gerany

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALYSON N. GERANY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br>LLC, a Delaware Limited Liability<br>Company, and DOES 1 through 10,<br><br>　　　　　Defendants. | Case No._____<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

## PARTIES

1.　　Plaintiff Alyson N. Gerany (hereinafter "Gerany"), is a natural person who resides in the City of Boise, County of Ada, State of Idaho, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a "person" as that term is defined by Idaho Code § 48-602(1).

2.　　Defendant Portfolio Recovery Associates, LLC (hereinafter "Portfolio Recovery")

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 1**

is a collection agency with a corporate address of 140 Corporate Blvd, Norfolk, Virginia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

3. Defendants DOES 1 through 10, are persons or entities whose true names and capacities are presently unknown to Gerany, who therefore sues them by such fictitious names. Gerany is informed and believes, and on that basis, alleges that each of the factiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Gerany under the facts and circumstances alleged herein.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

5. This action arises out of Portfolio Recovery's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by Portfolio Recovery's illegal communications and illegal efforts to collect a consumer debt from Gerany, as well as Portfolio Recovery's violation of the Idaho Consumer Protection Act, *Idaho Code* § 48-601 *et seq.*

6. Venue is proper in this District because the acts and transactions occurred in Idaho, Gerany resides in Idaho, Portfolio Recovery transacts business in Idaho in the form of debt buying and debt collection, and Portfolio Recovery is licensed as a debt collector with the Idaho Department of Finance.

## FACTUAL ALLEGATIONS

7. On or before December 13, 2010, Gerany allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 2**

defined by 15 U.S.C. § 1692a(5), namely, a consumer debt for credit card purchases on a line of credit from U.S. Bank National Association.

8. On or before December 13, 2010, Gerany's alleged consumer debt went into default for late and/or nonpayment.

9. On or around January 31, 2012, U.S. Bank National Association allegedly assigned, consigned, placed, or otherwise transferred to Portfolio Recovery Gerany's alleged consumer debt for collection.

10. On or before July 18, 2012, Portfolio Recovery engaged Doolittle Law, Chartered (hereinafter "Portfolio Recovery's Counsel") for the purpose of attempting to collect the alleged debt owed by Gerany.

11. On or before July 18, 2012, Portfolio Recovery's Counsel sent a letter to Gerany regarding the alleged debts, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. 1692a(2). A true and correct copy of Portfolio Recovery Counsel's Letter to Gerany is attached hereto and is incorporated herein fully as **Exhibit "A."**

12. **Exhibit A** provides in part "If legal action is taken, the costs of this matter may increase, since your account agreement may provide for an award of costs and attorneys fees to [Portfolio Recovery]..."

13. **Exhibit A** also provides in part "...your account is overdue $4,469.88, plus interest at the rate of 12.0000% per annum from and after 12/13/2010, as provided by your account agreement and/or Idaho Code §28-22-104...a total now due and owing on your account in the sum of $5,326.63."

14. On or about September 17, 2012, Portfolio Recovery's Counsel, on behalf of

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 3**

Portfolio Recovery, filed a lawsuit against Gerany in the Magistrate's Division of the Fourth Judicial District of the State of Idaho, Ada County, Case No. CV OC 1216897 ("Portfolio Recovery's Lawsuit"). A true and correct copy of Portfolio Recovery's Complaint is attached hereto and is incorporated herein fully as **Exhibit "B."**

15. Portfolio Recovery's Complaint, specifically Paragraph 3, alleged Gerany owed a principal sum of $4,469.88 as of December 13, 2010, along with interest accrued thereon in the amount of $931.69 (calculated at a rate of 12% per annum on the principal) for purchases made or cash advances obtained by Gerany from U.S. Bank National Associates, and sought attorney fees and/or costs.

16. Portfolio Recovery's Complaint alleged that Portfolio Recovery was the owner/assignee of the Gerany account.

17. Portfolio Recovery's Complaint, specifically Paragraph 5, alleged in part that pursuant to Gerany's alleged "account agreement" with Portfolio, Gerany "is required to pay the Plaintiff's costs incurred in an effort to collect this account."

18. As a result of Portfolio Recovery's Lawsuit, Gerany was forced to retain legal counsel at Gerany's own cost to defend against the claims made by Portfolio Recovery.

19. On or before October 17, 2012, Gerany's Counsel filed a Verified Answer to Portfolio Recovery's Complaint, which provided Portfolio Recovery, under 15 USC §§ 1692b(6), 1692(c)(2), with the knowledge that Gerany was represented by an attorney with regard to the subject debt. A true and correct copy of Gerany's Answer is attached hereto and is incorporated herein fully as **Exhibit "C."**

20. On October 26, 2012, Portfolio Recovery was provided with additional notice that

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 4**

Gerany was represented by an attorney with regard to the subject debt when Gerany served Portfolio Recovery with Gerany's First Set of Interrogatories and Request for Production of Documents. A true and correct copy of which is attached hereto and is incorporated herein fully as **Exhibit "D."**

21. Gerany's Interrogatories, specifically 2, 4, 5, 8, and 9, sought information and documents that related directly to Portfolio Recovery's claim of ownership and/or assignment of Gerany's alleged debt from the original creditor, terms of any underlying agreement, and related documents.

22. Gerany's Requests for Production of Documents similarly sought the production of documents that related to Portfolio Recovery's claim of ownership and/or assignment of Gerany's alleged debt from the original creditor as well as terms of any underlying agreement.

23. On November 28, 2013, Portfolio Recovery served Gerany with Portfolio Recovery's Answers to the Defendant's First Set of Interrogatories and Responses to Gerany's First Request for Production of Documents (hereinafter collectively "Portfolio Recovery's Discovery Response"). A true and correct copy of Portfolio Recovery's Discovery Response is attached hereto and is incorporated herein fully as **Exhibit "E."**

24. As provided for in Portfolio Recovery's Responses to Interrogatories 4, 5, and 9 and Responses to Requests for Production of Documents 1, 2, and 3 of **Exhibit E**, Portfolio Recovery neither possessed nor provided the documentation relating to Portfolio Recovery's claim of ownership and/or assignment of Gerany's alleged debt from the original creditor. Further, Portfolio Recovery's Counsel at the time of attempting to collect on the debt and/or while pursuing litigation did not possess documents demonstrating Portfolio Recovery's

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 5**

ownership of Gerany's alleged debt. Portfolio Recovery's Response to Interrogatory No. 4. states in part that "Counsel has requested that Plaintiff provide, or obtain from the Original Creditor, copies of items "b" through "e" and will supplement this response when and if the documents are obtained…" of which item "b" was the Bill of Sale and Attached Documents.

25. Portfolio Recovery's use of unsubstantiated representations regarding ownership of the alleged debt in connection with collection efforts against Gerany were false, deceptive, and/or misleading, violating 15 USC § 1692e.

26. As provided for in Portfolio Recovery's Responses to Interrogatories 4,5, and 9 and Responses to Requests for Production of Documents 1, 2, and 3 of **Exhibit E**, Portfolio Recovery neither possessed nor provided the requested documentation relating to Portfolio Recovery's claim in part that pursuant to Gerany's alleged "account agreement" with Portfolio Recovery, Gerany "is required to pay the Plaintiff's costs incurred in an effort to collect this account." Further, Portfolio Recovery's Counsel at the time of attempting to collect on the debt and/or at the time of initiating litigation did not possess documents showing Portfolio Recovery's entitlement to costs in attempting to collect on Gerany's alleged debt, specifically the Account Terms and Conditions.

27. Portfolio Recovery's unsubstantiated representations regarding the legality of compensation in connection with collection efforts against Gerany were false, deceptive, and/or misleading, violating 15 USC § 1692e.

28. As provided for in Portfolio Recovery's Responses to Interrogatories 5 and 9 of **Exhibit E**, Portfolio Recovery neither possessed nor provided the requested documentation regarding when and how said claim accrued and the alleged amount due in Paragraph 3 of

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 6**

Portfolio Recovery's Complaint. The alleged amount due in Paragraph 3 of Portfolio Recovery's Complaint is the same as the alleged amount due in Portfolio Recovery's July 18, 2012 letter, $4,469.88 as of December 13, 2010. Portfolio Recovery was only able to provide an April Statement for alleged activity from March 12, 2011 through April 29, 2011. This April Statement lists a new balance of $4,051.28, with a payment due date of May 25, 2011. Further, Paragraph 3 and 4 of Portfolio Recovery's Complaint alleges that the principal sum due as of December 13, 2010 is $4,469.88. If no payments were made on the alleged account after December 13, 2010, then any alleged principal balance due as of December 13, 2010 should be less than any alleged balance thereafter.

29. Portfolio Recovery's unsubstantiated representations regarding the character, amount, or legal status of the alleged debt in connection with collection efforts against Gerany were false, deceptive, and/or misleading, violating 15 USC § 1692e.

30. After initiating litigation and receiving notice that Gerany was represented by an attorney, Portfolio Recovery repeatedly communicated with Gerany regarding the alleged debts via telephone calls to Gerany's home telephone. Portfolio Recovery called Gerany at least five (5) times after receiving notice that Gerany was represented by an attorney. These phone calls were "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31. Portfolio Recovery's communications continued not only after Gerany, through counsel, served Portfolio Recovery with Gerany's First Set of Interrogatories and Request for Production of Documents on October 26, 2012 but also after Portfolio Recovery served Gerany with Portfolio Recovery's Discovery Response on November 28, 2012.

32. Gerany did not consent to Portfolio Recovery's communications.

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 7**

33. At or about the end of October 2013, after retaining counsel, Gerany answered at least one of the telephone calls from Portfolio Recovery.

34. At all times after July 18, 2013, Gerany knew Portfolio Recovery was a debt collector.

35. At all times after July 18, 2013, Gerany knew Portfolio Recovery, as a debt collector, was calling with respect to a debt.

36. At all times after October 17, 2012, Portfolio Recovery similarly knew that Gerany was represented by counsel and, therefore, any subsequent communication by Portfolio Recovery to Gerany violated 15 U.S.C. § § 1692b(6), 1692c(2).

37. On November 27, 2012 at 7:58AM, Portfolio Recovery communicated with Gerany via telephone.

38. Portfolio Recovery's November 27, 2012 communication with Gerany before 8 o'clock antemeridian violated 15 U.S.C. § 1692c(1) as it was both at an unusual time and inconvenient to Gerany.

39. On November 29, 2012 at 6:46PM, Portfolio Recovery communicated with Gerany via telephone. A true and correct copy of record of this communication is attached hereto and is incorporated herein fully as **Exhibit "F."**

40. On December 3, 2012 at 11:50AM, Portfolio Recovery communicated with Gerany via telephone. A true and correct copy of record of this communication is attached hereto and is incorporated herein fully as **Exhibit "G."**

41. On January 15, 2013, Gerany by and through her counsel, advised Portfolio Recovery of their continued unlawful communications with Gerany. A true and correct copy of

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 8**

this communication is attached hereto and is incorporated herein fully as **Exhibit "H."**

42. On February 22, 2013, a Notice of Intent to Dismiss was executed by the Court and on March 21, 2013 a Judgment of Dismissal was entered by the Court for "failure to prosecute." A true and correct copy of this Judgment of Dismissal is attached hereto and is incorporated herein fully as **Exhibit "I."**

43. Gerany has suffered actual damages as a result of Portfolio Recovery's illegal collection communication in the form of anger, anxiety, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions, as well as, emotional stress and anxiety associated with a lawsuit.

44. During their collection communications, Portfolio Recovery violated multiple provisions of the FDCPA, including but not limited to: 15 U.S.C. §§ 1692c(a)(1), 1692c(a)(2), 1692d, 1692e, 1692(e)(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), and 1692f, amongst others.

45. Gerany has suffered actual damages as a result of Portfolio Recovery's false and/or misleading representations in attempting to collect on the alleged debt. Gerany's actual damages are in the form of anger, anxiety, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions, as well as, emotional stress and anxiety associated with a lawsuit.

46. The above-described collection attempts made by Portfolio Recovery violated numerous provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692(e)(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), and 1692f, amongst others.

47. The above-detailed collection conduct of Portfolio Recovery in harassing Gerany, violated multiple provisions of the FDCPA, including but not limited to all of the above

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 9**

mentioned provisions of the FDCPA, and resulted in actual damages to Gerany.

## CAUSES OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

48. Gerany incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. The foregoing acts and omissions of Portfolio Recovery and/or agents thereof constitute multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Gerany.

50. As a result of Portfolio Recovery's violations of the FDCPA, Gerany is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Portfolio Recovery.

### VIOLATIONS OF THE IDAHO CONSUMER PROTECTION ACT
### *Idaho Code § 48-601 et seq.*

51. Gerany incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Pursuant to Idaho Code § 48-602, "trade" and "commerce" means in part "collecting debts arising out of the sale or lease of goods or services or distributing goods or services, either to or from locations within the state of Idaho, or directly or indirectly affecting the people of this state."

53. Idaho Code § 48-603 provides in part that "… unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared to be unlawful…"

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 10**

54. Under Idaho Code § 48-603(17), unlawful conduct includes "Engaging in any act or practice which is otherwise misleading, false, or deceptive to the consumer."

55. Portfolio Recovery's unsubstantiated representations regarding ownership of the alleged debt in collection efforts against Gerany were misleading, false, and deceptive.

56. Portfolio Recovery's unsubstantiated representations regarding the legality of compensation in connection with collection efforts against Gerany were misleading, false, and deceptive.

57. Further, under Idaho Code § 48-603(18), unlawful conduct includes in part "Engaging in any unconscionable method, act or practice in the conduct of trade or commerce, as provided in section 48-603C, Idaho Code…"

58. Portfolio Recovery's unsubstantiated representations and continued communications with Gerany in an attempt to collect on the alleged debt were unconscionable as both continued even after Portfolio Recovery knew Gerany was represented by an attorney. Furthermore, Portfolio Recovery could not substantiate ownership, amount, and associated fees and costs with the alleged debt; yet, they continued to relentlessly pursue payment from Gerany.

59. The foregoing acts and omissions of Portfolio Recovery and/or agent thereof constitute numerous and multiple violations of the Idaho Consumer Protection Act including, but not limited to, *Idaho Code § 48-603(17) & (18)*.

60. As a result of Portfolio Recovery's violations of the Idaho Consumer Protection Act, Gerany is entitled to actual damages or $1,000.00, whichever is greater, pursuant to *Idaho Code § 48-608(1)* and reasonable attorney's fees and costs pursuant to *Idaho Code § 48-608(5)*.

61. Upon information and belief, punitive damages pursuant to *Idaho Code § 48-*

608(1) may be appropriate and Gerany intends to amend to include a prayer for punitive damages pursuant to *Idaho Code § 6-1604(2)*.

**WHEREFORE**, Gerany prays that judgment be entered against each and every Defendant:

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) from Portfolio Recovery;
2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from Portfolio Recovery for each and every violation of the FDCPA;
3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) from Portfolio Recovery for Portfolio Recovery's numerous and multiple violations of the FDCPA;
4. For such other and further relief as may be just and proper; and

### VIOLATIONS OF THE IDAHO CONSUMER PROTECTION ACT
### *Idaho Code § 48-601 et seq.*

5. For an award of actual damages or $1,000.00, whichever is greater, pursuant to *Idaho Code § 48-608*; and
6. For an award of attorney fees and costs pursuant to Idaho *Code § 48-608(5)*.

### DEMAND FOR JURY TRIAL

Gerany hereby demands a trial by jury on all issues pursuant to F.R.C.P. Rule 38(b).

RESPECTFULLY SUBMITTED this 27 day of November 2013.

SMITH HORRAS, P.A.

By: *[signature]*
Jennifer L. Shrum
Attorneys for Plaintiff Alyson N. Gerany

**COMPLAINT AND DEMAND FOR JURY TRIAL - PAGE 12**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF IDAHO    )
                  ) ss.
COUNTY OF ADA     )

      Plaintiff Alyson N. Gerany, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase of the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

                                        */s/ Alyson Gerany*
                                        Alyson N. Gerany

Subscribed and sworn to before me this 26 day of November, 2013.

*/s/ Kala A. Jennings*
NOTARY PUBLIC FOR STATE OF IDAHO
Residing at: Boise
My commission expires: Jan. 07, 2019

**COMPLAINT AND DEMAND FOR JURY TRIAL -  PAGE 13**